IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUTOBYTEL INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INSWEB CORPORATION, )<br>LEADPOINT, INC., )<br>INTERNET BRANDS, INC., and )<br>AUTO INTERNET MARKETING, INC. )<br>)<br>)<br>Defendants. )<br>) | Civil Action No.2:07-cv-524-TJW<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Autobytel Inc. ("Autobytel") complains of defendants, InsWeb Corporation ("InsWeb"), LeadPoint, Inc. ("LeadPoint"), Internet Brands, Inc. ("Internet Brands"), and Auto Internet Marketing, Inc. ("Auto Internet Marketing") as follows:

## NATURE OF ACTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

3. The defendants are subject to personal jurisdiction in this judicial district because, upon information and belief, each defendant has transacted and is transacting business and has regularly solicited and is soliciting business in Texas and specifically in this district.

4. The defendants are also subject to personal jurisdiction in this judicial district because, upon information and belief, each defendant has committed and is committing acts of infringement in this judicial district, at least by advertising and making available their infringing systems and/or methods through the Internet in such a way as to reach customers in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b), as each defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this judicial district.

## AUTOBYTEL AND THE PATENT-IN-SUIT

6. The patent-in-suit is United States Patent No. 6,282,517 ("the '517 patent"), entitled "Real Time Communication of Purchase Requests" (Exhibit A). The '517 patent was filed on January 14, 1999 and issued on August 28, 2001.

7. Autobytel is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 18872 MacArthur Boulevard, Irvine, California 92612.

8. Autobytel owns all rights, title and interest in and has standing to sue for infringement of the '517 patent.

9. Autobytel has complied with the requirements of 35 U.S.C. §287.

## PRIOR ENFORCEMENT OF THE '517 PATENT IN THIS DISTRICT

10. On September 24, 2004, Autobytel asserted the '517 patent against Dealix Corporation in Civil Action No. 2:04-cv-00338 in this judicial district. After extended proceedings, the parties reached a settlement of their dispute. As a result, the suit was dismissed on March 26, 2007.

## INSWEB

11. Upon information and belief, InsWeb is a Delaware corporation and has its principal offices at 11290 Pyrites Way, Suite 200, Gold River, CA 95670.

12. InsWeb operates at least two websites (http://www.insweb.com and http://www.agentinsider.com).

13. Upon information and belief, InsWeb has infringed one or more claims of the '571 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '517 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '517 patent. InsWeb's infringing activities have occurred at least through the operation of the websites identified in paragraph 12.

14. InsWeb's acts of infringement have injured Autobytel. Accordingly, Autobytel is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

15. InsWeb's acts of infringement will continue to injure Autobytel, unless and until this Court enters an injunction prohibiting further infringement of the '517 patent.

## LEADPOINT

16. Upon information and belief, LeadPoint is a Delaware corporation and has its principal offices at 11661 San Vicente Boulevard, Suite 800, Los Angeles, CA 90049.

17. LeadPoint operates at least the website, http://www.leadpoint.com.

18. Upon information and belief, LeadPoint has infringed one or more claims of the '571 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '517 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '517 patent. LeadPoint's infringing activities have occurred at least through the operation of the website identified in paragraph 17.

19. LeadPoint's acts of infringement have injured Autobytel. Accordingly, Autobytel is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

20. LeadPoint's acts of infringement will continue to injure Autobytel, unless and until this Court enters an injunction prohibiting further infringement of the '517 patent.

## INTERNET BRANDS

21. Upon information and belief, Internet Brands is a Delaware corporation and has its principal offices at 909 North Sepulveda Boulevard, 11th Floor, El Segundo, CA 90245.

4

22. Internet Brands operates numerous websites, including but not limited to http://www.carsdirect.com, http://connect.carsdirect.com, http://www.autos.com, http://dealers.autos.com, and http://www.loanapp.com.

23. Upon information and belief, Internet Brands has infringed one or more claims of the '571 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '517 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '517 patent.  Internet Brands' infringing activities have occurred at least through the operation of the website identified in paragraph 22.

24. Internet Brands' acts of infringement have injured Autobytel.  Accordingly, Autobytel is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

25. Internet Brands' acts of infringement will continue to injure Autobytel, unless and until this Court enters an injunction prohibiting further infringement of the '517 patent.

## AUTO INTERNET MARKETING

26.  Upon information and belief, Auto Internet Marketing is a corporation with its principal offices at 2495 Enterprise Road, Suite 201, Clearwater, Florida 33763.

27. Auto Internet Marketing operates at least the website, http://autointernetmarketing.com.

28. Upon information and belief, Auto Internet Marketing has infringed one or more claims of the '571 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '517 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '517 patent. Auto Internet Marketing's infringing activities have occurred at least through the operation of the website identified in paragraph 27.

29. Auto Internet Marketing's acts of infringement have injured Autobytel. Accordingly, Autobytel is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

30. Auto Internet Marketing's acts of infringement will continue to injure Autobytel, unless and until this Court enters an injunction prohibiting further infringement of the '517 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Autobytel, respectfully requests this Court enter judgment against InsWeb, LeadPoint, Internet Brands, and Auto Internet Marketing individually and separately, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

   A.   The entry of judgment in favor of Autobytel and against each defendant;

   B.   An award of damages adequate to compensate Autobytel for the

infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Autobytel of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement of infringement and/or contributory infringement of the '517 patent; and,

E. Such other relief that Autobytel is entitled to under law and any other relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Autobytel demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

/s/ Sam Baxter_____
Samuel F. Baxter
Lead Attorney
State Bar No. 01938000
McKool Smith P.C.
104 East Houston, Suite 300
Marshall, TX 75670
(903) 923-9000 - Telephone
(903) 923-9033 - Facsimile
sbaxter@mckoolsmith.com

Robert M. Manley
State Bar No. 00787955
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4226 – Telephone
(214) 978-4044 – Facsimile
rmanley@mckoolsmith.com

7

Of Counsel:

Raymond P. Niro
Timothy J. Haller
Christopher J. Lee
Tahiti Arsulowicz
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0722 - Telephone
(312) 236-3137 – Facsimile
rniro@nshn.com
haller@nshn.com
clee@nshn.com
arsulowicz@nshn.com

**Counsel for Plaintiff Autobytel Inc.**