# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AUTOBYTEL, INC., | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-cv-524 |
| | § | |
| | § | |
| INSWEB CORPORATION, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the Court is defendant Internet Brands Inc.'s ("Internet Brands") Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 49). After carefully considering the parties' written submissions and the applicable law, the Court DENIES the motion for reasons discussed below. The Court also DENIES as moot, defendant Internet Brands' Motion for Oral Hearing on its motion to dismiss. (Dkt. No. 60).

**II.   Factual and Procedural Background**

Autobytel, Inc. ("Autobytel") filed this suit against Insweb Corporation, Leadpoint, Inc., Auto Internet Marketing, Inc. and Internet Brands (collectively, "the defendants"). Autobytel accuses the defendants of infringing U.S. Patent No. 6,282,517 ("the '517 patent"). The patent-in-suit generally relates to systems and methods for formulating and submitting purchase requests over a computer network.

Autobytel is a corporation organized under the laws of Delaware with its principal place of business in Irvine, California. Internet Brands is also a corporation organized under the laws of Delaware with its principal place of business in El Segundo, California.

## III.  Discussion

### A.  Legal Standard

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003). The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Texas' long-arm statute extends to the limits of due process, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); therefore, the two inquires collapse into a single inquiry of whether the exercise of personal jurisdiction comports with due process. *See Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

Jurisdiction is permitted over a non-resident defendant under the Due Process Clause of the Fourteenth Amendment when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316, (1945)).

The minimum contacts aspect of the analysis can be established through contacts that give rise to specific personal jurisdiction or general personal jurisdiction. *Trintec Indus., Inc. v.*

*Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Specific jurisdiction requires that the plaintiffs' claims arise from or relate to the defendant's contacts with the forum. *Silent Drive*, 326 F.3d at 1200. With respect to specific jurisdiction in a patent infringement case, the Federal Circuit employs a three-prong test: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair. *Avocent Huntsvill Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).[1] Furthermore, minimum contacts is established for a corporation "that delivers its products into the stream of commerce with the expectation that they will be purchased by customers in the forum state." *Avocent*, 552 F.3d at 1331 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). General jurisdiction "requires that the defendant have continuous and systematic contacts with the forum state," and that such activity will "confer [] [general] personal jurisdiction even when the cause of action has no relationship with those contacts." *Avocent*, 552 F.3d at 1331.

### B. Application

Here the plaintiff argues that this Court has both general as well as specific personal jurisdiction over Internet Brands.

On general jurisdiction, plaintiff has provided the Court with sufficient evidence to show that Internet Brands is licensed to do business in Texas, has a designated agent for service of process in Texas, and has filed Texas Corporation Franchise Taxes.[2,3] Further, Internet Brands

---

[1] The Federal Circuit explains: "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Avocent*, 552 F.3d at 1332.

[2] In analyzing jurisdiction of this Court, Internet Brands focuses mostly on its contacts with the Eastern District of Texas. However, as plaintiff points out, personal jurisdiction only requires that the necessary contacts are found within the forum state, here the entire State of Texas. *See International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945) (defining jurisdictional "presence" by reference to a corporation's actions "within the state")

owns and operates several websites that provide it with continuous and systematic contacts with Texas. Internet Brands' vBulletin website, which allows users to purchase software licenses, physically resides in Texas. Defendant argues that vBulletin is a website operated by its UK based subsidiary, Jelsoft Enterprises Limited, and targets only residents of the UK. This contention, however, is in direct contradiction of what the website indicates.[4] Plaintiff also provides as evidence, a copy of a receipt showing an actual leased software license from vBulletin to a Texas resident. *See* Response, Ex. J. Given the availability and use of the highly interactive, transaction-oriented vBulletin website, combined with evidence of the defendant's business presence in Texas, this Court can claim general jurisdiction over Internet Brands. *See Hockerson-Halberstadt, Inc. v. Propet USA, Inc*., 62 Fed. Appx. 322, 337 (Fed. Cir. 2003).

Alternately, there is sufficient evidence to allow this Court to assert specific personal jurisdiction over Internet Brands based on its allegedly infringing activities purposefully directed at residents of this forum. Plaintiff alleges that Internet Brands, through the operation of Internet Brands websites such as www.carsdirect.com, infringes U.S. Patent No. 6,282,517 related to formulating and submitting requests to purchase goods over a computer network. Plaintiff argues that because, these websites are directed towards Texas residents, personal jurisdiction is proper within the state.

---

[3] Internet Brands also makes various evidentiary objections to sworn statements and exhibits presented by the plaintiff in support of its opposition to Internet Brands' motion. The Court agrees with plaintiff, that by doing so, Internet Brands demonstrates a fundamental misunderstanding of plaintiff's burden at this stage. *Trintec Indus.*, 395 F.3d at 1283 (stating that "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff").

[4] For example, the website lists a toll-free number for sales enquiries from the U.S. *See* Contact Us, http://www.vbulletin.com/contact.php (last available March 31, 2009); *see also* Frequently Asked Questions, http://www.vbulletin.com/faqsales.php (last available March 31, 2009) ("If you wish to speak with a Jelsoft sales representative, please call our US toll-free number: 1-877-326-6444.")

In context of websites, the Federal Circuit has found that "[a] passive website is insufficient to establish purposeful availment for the purpose of due process." *Marynard v. Philadelphia Cervical Collar Co., Inc.*, 18 Fed. Appx. 814, 1816-17 (Fed. Cir. 2001); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336-37 (5th Cir. 1999) (finding that a website was passive even though it posts information regarding a company's products and services, provides the user with printable forms, and displays the company's contact information)). However, when defendants perform additional acts to purposefully avail themselves of the forum state, such as advertising, conducting business transactions with residents of the forum state, and soliciting funds from residents in the forum state, there is sufficient support to find personal jurisdiction over the defendants. *Id.*; *cf. Trintec Indus.*, 395 F. 3d 1281 (citing *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510-13 (D.C. Cir. 2002)) (noting that "some cases have suggested that the availability and use of a highly interactive, transaction-oriented website (as opposed to an "essentially passive" website) by itself may support long-arm jurisdiction wherever the site is available to potential customers for the purpose of doing business.").

Autobytel argues that, through the CarsDirect website, which is undeniably a highly interactive, transaction-oriented website, Internet Brands provides Texas residents with a wide range of services. Primarily, the website connects Texas customers with Texas auto dealers for the purpose of purchasing automobiles. Internet Brands repeatedly argues that this Court cannot find that the CarsDirect website targets Texas residents for business or connects Texas customers with Texas auto dealers because any such conduct would constitute automobile brokering and would be illegal under Texas law.[5] While the Court does not address the legality of defendant's

---

[5] The Court presumes that Internet Brands refers to Texas code requiring automobile brokers in the state to be licensed. *See Ford Motor Co. v. Texas Dept. of Transp.*, 264 F.3d 493 (5th Cir. 2001) (finding constitutional, Texas

conduct under Texas law, the evidence presented to the Court by Autobytel stands in stark contradiction of Internet Brands' assertions.[6] It is abundantly clear to this Court that a Texas resident using the CarsDirect website can indeed contact auto dealers throughout Texas and inquire about vehicles offered for sale in the State of Texas, can submit financial data and apply for a loan. Further, Internet Brands operators are readily available to help Texas residents both through the listed toll-free number and the website's "Live Help" link. Autobytel has also produced evidence of targeted advertising on the Carsdirect website, which indicates that Internet Brands generates revenue from Texas residents who visit the website. All of this suffices to show that Internet Brands has purposefully directed its allegedly infringing activities toward residents of this forum. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1125-26 (W.D. Pa. 1997) (asserting personal jurisdiction under Pennsylvania's long-arm statute based on subscription news service website).

The last inquiry is whether the assertion of personal jurisdiction is reasonable and fair. *Avocent Huntsvill Corp.*, 552 F.3d at 1332. With respect to the last prong, the burden of proof is on the defendant, which must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King*. *Id*. Internet Brands has failed to meet its burden. As plaintiff points out, Internet Brands could at least reasonably foresee that the alleged infringement would be practiced in Texas by interaction between Texas residents and the www.carsdirect.com

---

Motor Vehicle Commission Code that makes it unlawful to "engage in business as, serve in the capacity of, or act as a[n] [automobile] dealer ... without first obtaining a license.").

[6] The only evidence presented by Internet Brands comes in form of a declaration by the Executive Vice President and General Counsel to Internet Brands, Lynn Walsh, wherein Walsh avers, under penalty of perjury, that each of Autobytel's assertions is untrue. *See* Reply, Decl. of Lynn Walsh. However, Walsh provides no factual basis for making such claims. In the face of sufficient contradictory evidence presented by Autobytel, the Court rejects the denials in Walsh's declaration.

website.  Texas has substantial interests in adjudicating this dispute and discouraging injuries that occur in the state.  This is not the rare case wherein "plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F. 3d 1558, 1568 (Fed. Cir. 1994).

## IV.     Conclusion

In considering the evidence presented before it, the Court finds that Autobytel has met its burden of proving personal jurisdiction with regard to defendant Internet Brands.  The Court, therefore, DENIES defendant Internet Brands' motion to dismiss.

SIGNED this 31st day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE